United States District Court
for the
Southern District of Florida

| | |
|---|---|
| United States of America, | ) |
| | ) |
| v. | ) Criminal Case No. 21-20007-CR- |
| | ) Scola |
| Felipe Argelis Martinez Garcia, | ) |
| Defendant. | ) |

### Order Denying Motion for Sentence Reduction

This matter is before the Court on the Defendant Felipe Argelis Martinez Garcia's motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2). (ECF No. 48.) The Government has filed a response. (ECF No. 51.) The Defendant has not replied, and the time to do so has passed. After careful consideration of the motion, the record, and the relevant legal authorities, the Court **denies** Martinez Garcia's motion for reduction of sentence. (**ECF No. 48**.)

1. **Background**

On October 25, 2022, the Defendant was sentenced to a term of imprisonment of 96 months after pleading guilty to one count of conspiracy to import 280 kilograms of cocaine into the United States in violation of 21 U.S.C. § 952(a). (ECF Nos. 33, 34, 46, 47.) The Sentencing Guidelines range determined by the Court was 121 to 151 months of imprisonment based on an offense level of 31 and criminal history category of II. (Resp., ECF No. 51 at 2.)

Since Martinez Garcia's sentencing, the United States Sentencing Commission issued Amendment 821 which, among other things, affects the "status points" assessed to defendants who commit an offense while under another criminal justice sentence. Previously, offenders would receive two additional criminal history points if "the defendant committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape release." U.S.S.G. § 4A1.1(d). Now, however, under Part A of the amendment, offenders with six or fewer history points will no longer receive these additional status points and offenders with seven or more criminal history points will only be assessed one additional point, rather than two. *See* Retroactivity Impact Analysis of Parts A and B of the 2023 Criminal History Amendment, United States Sentencing Commission, https://www.ussc.gov/ sites/default/files/pdf/research-and-publications/ retroactivity-analyses/2023-criminal-history-amendment/202305-Crim-Hist-Amdt-Retro.pdf.  Martinez Garcia now seeks retroactive application of

Amendment 821 to the Court's judgment sentencing him to 48 months in prison.

## 2. Legal Standard

"[A] motion to modify an otherwise final judgment pursuant to § 3582(c)(2) is a limited and narrow exception to the rule that final judgments are not to be modified." *United States v. Armstrong*, 347 F.3d 905, 909 (11th Cir. 2003) (cleaned up). Specifically, § 3582(c)(2) provides:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . , the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction *is consistent with applicable policy statements issued by the Sentencing Commission.* 18 U.S.C. § 3582 (emphasis added).

Thus, under § 3582(c)(2), the Court must undertake a two-step process to determine whether a final sentence should be modified based on a sentencing range that has been lowered by the Sentencing Commission.

First, the Court must determine if a retroactive amendment to the Sentencing Guidelines indeed lowered a defendant's guidelines range and whether a reduction is consistent with the applicable policy statements. Second, the Court must consider the § 3553(a) factors to determine if it will exercise its discretion to reduce that defendant's sentence. Among other things, the Sentencing Commission policy statement applicable here provides that a court "shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) . . . to a term that is less than the minimum of the amended guideline range[.]" U.S.S.G. § 1B1.10(b)(2)(A).

Next, the § 3553(a) factors are: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the applicable sentencing guidelines range; (5) any pertinent policy statement; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the

offense. *See* 18 U.S.C. § 3553(a).

### 3. Analysis

The retroactive amendment that Martinez Garcia invokes here is Part A of Amendment 821—the "status points" adjustment. But Martinez Garcia is not eligible for the adjustment because he did not receive any status points to begin with. The Presentence Investigation Report noted the Defendant's three criminal history points and recommended the addition of two additional points because the Defendant was on probation for a state crime at the time the conspiracy alleged in the federal indictment began. (Resp., ECF No. 51 at 2.) However, the Court did not ultimately apply the extra two points because the Defendant had completed his parole at the time that he became involved with the conspiracy that led to his indictment. (*Id.*) The Court then varied further downward and imposed a sentence of 96 months of imprisonment.

With his criminal history category unchanged, Martinez Garcia's guideline range remains the same. As such, Martinez Garcia is ineligible for a sentence reduction, and even if he was entitled to a reduction, his sentencing range would still be 97 to 121 months, which is higher than the actual sentence that he received of 96 months. 18 U.S.C. § 3582(c)(2) (district courts authorized to reduce sentence for "a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission"); U.S.S.G. § 1B1.10(a)(1) (defendants eligible only where "the guideline range applicable to that defendant has subsequently been lowered"). Because the application of Amendment 821 would not reduce Martinez Garcia's sentence, the Court declines to reach the second step of the analysis to consider the § 3553(a) factors.

### 4. Conclusion

Accordingly, based on the foregoing, it is hereby **ordered and adjudged** that Martinez Garcia's motion for reduction of sentence is **denied**. (**ECF No. 48**.)

**Done and ordered** at Miami, Florida on February 21, 2024.

_____
Robert N. Scola, Jr.
United States District Judge